

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 523 | **DATE** | 3/19/2004 |
| **CASE TITLE** | Enrique B. Gervais vs. Eugene McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Gervais's habeas petition is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | MAR 2 2 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | MF | courtroom deputy's initials | 2004 MAR 19 AM 11:05 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENRIQUE B. GERVAIS,

Petitioner,

v.

EUGENE McADORY, Warden,

Respondent.

MAR 2 2 2004

No. 03 C 0523

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Petitioner, Enrique Gervais, seeks a writ of habeas corpus against the Menard Correctional Center Warden, Eugene McAdory, pursuant to 28 U.S.C. § 2254. Gervais raises two claims in the first writ: (1) whether *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is applicable to defendants who enter guilty pleas and (2) whether the imposition of an extended term for attempted murder and consecutive sentences violates the rule in *Apprendi*.

## BACKGROUND

On January 11, 1997, police arrested Gervais after he shot at three police officers. The State charged Gervais by indictment with three counts of attempted first-degree murder, one count of aggravated battery with a firearm, and two counts of aggravated discharge of a firearm. The State did not allege in any of the attempted murder counts that the victims were police officers. In the remaining counts, the State alleged that the same victims were police officers. During Gervais's arraignment, at the state's request, the trial court advised Gervais that, because the victims were police officers, Gervais could receive extended-term sentences if convicted of attempted murder.

On April 9, 1997, Gervais pled guilty to the attempted murder of Officer Hampton. That same day, the State filed an information alleging that Gervais committed aggravated discharge of a



firearm by knowingly discharging a firearm in the direction of Officers Ferry and Mercado, "peace officers engaged in their official duties." Gervais agreed to plead guilty to this charge. In return for the guilty pleas, the State nol-prossed the remaining counts.

During the guilty plea hearing, the State advised the court that it would seek consecutive sentences because both offenses were Class X felonies committed as part of a single course of conduct and Gervais inflicted severe bodily injury. Defense counsel agreed that the extended term for attempted murder applied. When the court admonished Gervais, it advised him of the possibility of consecutive sentences and that the extended sentencing range for attempted murder applied.

On June 9, 1997, a sentencing hearing was conducted. Gervais was sentenced to consecutive prison terms of 50 years for attempted murder and 20 years for aggravated discharge of a firearm. Gervais filed a motion to reconsider his sentence, which was denied by the court.

Gervais appealed the denial of his motion for reconsideration to the Illinois Appellate Court, Second District. In an unpublished Rule 23 order, the appellate court held that the enhanced sentence ranges for attempted murder and aggravated discharge of a firearm were constitutionally invalid pursuant to the single subject clause of the Illinois Constitution. Gervais's sentence was vacated, and the cause was remanded for a new sentencing hearing.

Upon remand, the trial court imposed consecutive terms of 40 years for attempted murder and 15 years for aggravated discharge of a firearm. Gervais received consecutive sentences because the trial court found that Gervais committed the offenses as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective and Gervais inflicted severe bodily injury. *See* 730 ILCS 5/5-8-4(a). Gervais appealed his second sentence to the Illinois Appellate Court, Second District. In his appeal, Gervais claimed: (1) the sentencing judge

improperly relied upon one part of the psychological evaluation; and (2) the mittimus should be amended to allow for the correct date that Gervais was taken into custody. In a supplemental brief, Gervais argues that the imposition of an extended term for attempted murder and consecutive sentences violated *Apprendi*.

The appellate court affirmed the consecutive sentences imposed by the trial court and modified the mittimus to grant Gervais an additional day of credit against his sentence. The appellate court further held that Gervais's *Apprendi* arguments were without merit because the imposition of consecutive sentences under 730 ILCS 5/5-8-4(a) did not violate the rule in *Apprendi* and that *Apprendi* was not applicable because Gervais pled guilty. Furthermore, the court held that even if an *Apprendi* violation occurred, the imposition of an extended term for attempted murder was harmless beyond a reasonable doubt because before Gervais pled guilty, the trial court advised him that an extended range applied and Gervais accepted such. Gervais never disputed that he knew or should have known that the victim was a peace officer performing his official duties.

Gervais filed a petition for leave to appeal to the Illinois Supreme Court raising two claims: (1) whether the imposition of an extended term for attempted murder and consecutive sentences violated the rule in *Apprendi* and (2) whether *Apprendi* was applicable to a defendant who pled guilty. On May 30, 2002, the Illinois Supreme Court denied the petition for leave to appeal.

On August 15, 2002, Gervais filed a writ of certiorari in the United States Supreme Court, claiming that the Illinois courts improperly refused to apply *Apprendi* to those defendants who entered guilty pleas and received sentences in an enhanced range. On October 15, 2002, Gervais's writ for certiorari was denied.

On November 6, 2002, Gervais filed a *pro se* post-conviction petition, claiming (1) it was

3

error to allow the State to file an amended information on the morning of Gervais's guilty plea, and (2) the trial court erred in imposing consecutive sentences because the victims of the aggravated discharge of a firearm offense did not suffer severe bodily injury. The trial court summarily dismissed the post-conviction petition as frivolous and without merit. On December 11, 2002, Gervais appealed the denial of his post-conviction petition to the Illinois Appellate Court, Second District.

On January 23, 2003, Gervais filed the instant petition for Writ of Habeas Corpus. On August 3, 2003, this Court granted Gervais's Motion to Stay his habeas proceeding pending termination of his post-conviction appeal in the Illinois Court.

On August 13, 2003, Gervais's counsel in the Illinois court appeal filed a motion to withdraw the appeal pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). On August 26, 2003, Gervais advised this Court that he wished to proceed before this Court and would not raise any additional issues in his habeas petition that had not already been raised, notwithstanding that his post-conviction appeal was still pending. On October 15, 2003, the Appellate Court granted the *Finley* motion and affirmed the dismissal of Gervais's post-conviction petition.

## ANALYSIS

A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The habeas petition bears the burden of demonstrating a "contrary to" or "unreasonable application" of federal law. *See Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002) (*Woodford*). The reviewing court applies a highly deferential

4

standard when evaluating the state court's rulings, and the state court's decision is given the benefit of the doubt. *See Woodford*, 123 S. Ct. at 360.

A state court's ruling is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth in federal law or if it includes a set of facts that are materially indistinguishable from a decision of the Supreme Court of the United States and nevertheless arrives at a different result from the Supreme Court precedent. *See Mitchell v. Esparza*, 124 S. Ct. 7, 10 (2003) (*Mitchell*).

A state court's ruling is an "unreasonable application" of federal law if the state court identifies the correct governing legal principle from the Supreme Court precedent but unreasonably applies that principle to the facts before the state court. *See Wiggins v. Smith*, 123 S. Ct. 2527, 2535 (2003) (*Wiggins*). A state court's decision must be more than incorrect or erroneous to find an unreasonable application of federal law; the state court's application must be "objectively unreasonable." *See Wiggins*, 123 S. Ct. at 2535.

Gervais argues that the state court incorrectly held that the *Apprendi* rule did not apply to a defendant that pled guilty. Gervais contends that the state court was incorrect because the defendant in *Apprendi*, himself, had pled guilty.

The Illinois Appellate Court, citing *People v. Chandler*, 321 Ill. App. 3d 292 (2001), found that *Apprendi* did not apply to the imposition of consecutive sentences and an extended term because Gervais, as in *Chandler*, was admonished about the possibility of consecutive sentences and waived a jury trial on all issues. Therefore, Gervais could not claim that he was unfairly deprived of a right to have a jury determine any issue beyond a reasonable doubt.

5

The Illinois Supreme Court has also found that a guilty plea by a defendant waives *Apprendi*-based sentencing objections on appeal. *See People v. Jackson*, 199 Ill. 2d 286 (2002) (*Jackson*). The *Jackson* court specifically addressed the defendant's argument that a guilty plea did not waive *Apprendi*-based sentencing objections because Apprendi had also pled guilty. In *Apprendi*, the defendant pled guilty but reserved the right to challenge the enhancement statute on grounds that it violated the United States Constitution. *See Apprendi*, 530 U.S. at 471; *Jackson*, 199 Ill. 2d at 297. Unlike Apprendi, the *Jackson* defendant (and Gervais) were clearly apprised that the court could impose an extended-term sentence, and the defendant unequivocally and without reservation waived the right to a jury trial. *See Jackson*, 199 Ill. 2d at 298; *see also Hill v. Cowan*, 202 Ill. 2d 151, 154 (2002) (habeas petitioner's guilty plea foreclosed him from raising an *Apprendi* challenge to his sentence).

A review of the Appellate Court's ruling demonstrates that the court applied the governing federal law, and its application of that law was not objectively unreasonable.

Gervais also argues in his first claim that his sentence is contrary to *Apprendi* because he entered a guilty plea to attempted first-degree murder, and only after his voluntary plea did the State file the information adding the charge of aggravated discharge of a firearm.

Gervais's argument is without merit. The transcripts of the proceedings clearly demonstrate that the new information charging Gervais with aggravated discharge of a firearm was filed prior to his guilty plea and that the trial court thoroughly reviewed the charge prior to the guilty plea. Gervais's only guilty plea included the aggravated discharge of a firearm charge. Furthermore, the trial court informed Gervais of the possibility of consecutive sentences because of the aggravated discharge of a firearm charge.

Gervais also argues that the imposition of an extended sentence for attempted murder and consecutive sentences violated the rule of *Apprendi*. Gervais again contends that he was unaware of the charges against him and the possibility of an extended term and consecutive sentence. However, the transcripts of the guilty plea clearly demonstrate that Gervais was fully informed of and fully understood the charges against him and the possibility of extended and consecutive sentences.

Gervais received an extended-term sentence for his attempted murder charge because the victim was a peace officer performing his official duties and the defendant knew or should have known that the individual was a police officer. Gervais also received a consecutive sentence because the trial court found that Gervais committed the same offenses as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective and he inflicted severe bodily injury.

The Appellate Court, again citing to *Chandler*, found that the imposition of the extended term and consecutive sentences were not a violation of *Apprendi* because Gervais pled guilty to the charges against him, which included knowledge that the victims were police officers and that he inflicted great bodily harm. The Appellate Court also found that *Apprendi* did not apply to the imposition of consecutive sentences because the imposition of the consecutive sentence did not result in Gervais's being sentenced in excess of the statutory maximum as must be decided by a jury. Furthermore, the Appellate Court found that even if an *Apprendi* violation had occurred, such would have been harmless error beyond a reasonable doubt.

Gervais has failed to demonstrate that the Appellate Court's ruling was contrary to or an unreasonable application of federal law.

## CONCLUSION

For the reasons stated above, Gervais's habeas petition is denied.

Dated: March 18, 2004

JOHN W. DARRAH
United States District Judge